# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff

v.

SATICOY BAY LLC,

    Defendant

Case No.: 2:17-cv-00455-APG-NJK

**Order Granting Motion to Dismiss**

[ECF No. 22]

    Plaintiff U.S. Bank National Association sues to determine whether its deed of trust still encumbers property located at 7610 Demona Drive in Las Vegas, Nevada following a non-judicial foreclosure sale conduct by the homeowners association (HOA). In its complaint, U.S. Bank seeks a declaration that Nevada Revised Statutes Chapter 116 violates the due process and takings clauses of the United States and Nevada constitutions. ECF No. 1 at 5-6. U.S. Bank also asserts a claim to determine adverse interests in property under Nevada Revised Statutes § 40.010. *Id.* at 6-7.

    Defendant Saticoy Bay LLC Series 7610 Demona, incorrectly named as Saticoy Bay LLC, purchased the property at the HOA foreclosure sale. Saticoy moves to dismiss, arguing that the bank is not entitled to equitable remedies because it has an adequate remedy at law and it did not act to protect its deed of trust before the HOA sale. Saticoy also contends that U.S. Bank has not alleged fraud, oppression, or unfairness to support equitably setting aside the sale, particularly because Saticoy is a bona fide purchaser. Finally, Saticoy argues Chapter 116 does not violate the due process or takings clauses.

    U.S. Bank responds that it has adequately alleged equitable bases to set aside the sale and that Saticoy is relying on its own allegations rather than on the complaint's allegations to argue

for dismissal. U.S. Bank also contends that Chapter 116 violates the due process clause under the analysis set forth in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). Finally, U.S. Bank requests leave to amend if I grant Saticoy's motion.

I grant Saticoy's motion because the complaint does not plausibly allege a constitutional violation or a basis to set aside the sale. I therefore dismiss the complaint, with leave to amend.

# I. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

## A. Declaratory Relief

Count one of U.S. Bank's complaint seeks a declaration that Chapter 116 violates the Due Process and Takings Clauses. Saticoy moves to dismiss on the basis that the Supreme Court of Nevada has rejected similar due process and taking allegations. U.S. Bank responds that under *Bourne Valley*, it has alleged a due process violation.

U.S. Bank does not respond to Saticoy's motion regarding the takings allegations. I therefore grant that portion of Saticoy's motion as unopposed. LR 7-2(d). Moreover, the Supreme Court of Nevada and I have previously rejected similar takings claims. *See U.S. Bank Nat'l Ass'n for GSAA Home Equity Tr. 2007-3 Asset-Backed Certificates Series 2007-3 v.*

*Saticoy Bay LLC Series 3930 Swenson*, No. 2:17-cv-00463-APG-GWF, 2018 WL 3231245, at *4-5 (D. Nev. July 2, 2018) (citing *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017) (en banc)).

I also grant Saticoy's motion on the due process allegations because *Bourne Valley* is no longer controlling authority and the statutory scheme does not violate U.S. Bank's due process rights. As a result of the Supreme Court of Nevada's decision in *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc), "*Bourne Valley* no longer controls the analysis, and . . . Nev. Rev. Stat. § 116.3116 et seq. is not facially unconstitutional on the basis of an impermissible opt-in notice scheme." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019); *see also Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016) (rejecting other due process arguments). I therefore grant Saticoy's motion and dismiss count one of the complaint.

### B. Determining Adverse Interests in Property

Count two seeks to resolve the parties' adverse interests in the property following the HOA's non-judicial foreclosure sale. ECF No. 1 at 6-7. Saticoy moves to dismiss, arguing that U.S. Bank cannot state a claim because the deed of sale's recitals are conclusive and there is a presumption that the sale was conducted properly. Alternatively, Saticoy argues that U.S. Bank has not plausibly alleged a basis to equitably set aside the sale because U.S. Bank has an adequate remedy at law and it did not act to protect its deed of trust before the HOA sale. Saticoy also contends that U.S. Bank has not alleged fraud, oppression, or unfairness to support equitably setting aside the sale, particularly because Saticoy is a bona fide purchaser. U.S. Bank responds that Saticoy relies primarily on its own allegations, rather than on the complaint's

3

allegations, in support of these contentions. U.S. Bank also contends that Nevada law allows for equitably setting aside HOA sales and that it has plausibly alleged a basis to do so because of the low price and the allegations of fraud, oppression, or unfairness.

*1. Adequate Remedy at Law*

Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). However, Nevada Revised Statutes § 40.010, which allows for resolving disputes involving adverse interests in property, "essentially codified" Nevada's historical recognition "that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ." *Shadow Wood HOA v. N.Y. Cmty. Bankcorp.*, 366 P.3d 1105, 1110 (Nev. 2016) (en banc). While the availability of other remedies (both before and after the sale) may bear on the equities,[1] a claim to set aside an allegedly defective foreclosure sale is necessarily an equitable one that will impact the various interests in the property and their relative priority. U.S. Bank seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. No remedy at law could overturn the foreclosure sale and reinstate U.S. Bank's lien on the property. *See Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y. Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property."). I therefore deny the motion to dismiss on this basis.

---

[1] "When sitting in equity, . . . courts must consider the entirety of the circumstances that bear upon the equities." *Shadow Wood HOA*, 366 P.3d at 1114.

4

*2. Conclusive Recitals*

The statutory recitals in the deed upon sale are "conclusive, in the absence of grounds for equitable relief." *Shadow Wood HOA.*, 366 P.3d at 1111-12 (emphasis omitted). However, the recitals do not, in and of themselves, entitle Saticoy to dismissal. Rather, U.S. Bank must plausibly allege a basis for equitable relief despite the recitals. I address whether U.S. Bank has done so below.

*3. Equitably Setting Aside the Sale*

In determining whether to equitably set aside an HOA foreclosure sale, the question is "whether the sale was affected by some element of fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). U.S. Bank therefore will have "the burden to show that the sale should be set aside in light of [Saticoy's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with NRS Chapter 116's provisions." *Id.* (internal citations omitted). "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 648. "A grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale." *SFR Investments Pool 1, LLC v. First Horizon Home Loans, a Div. of First Tennessee Bank, N.A.*, 409 P.3d 891, 895 (Nev. 2018) (en banc). However, the fraud, unfairness, or oppression must have affected "the sale itself." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (emphasis omitted). The "party challenging the foreclosure sale bears the burden of showing why the sale should be set aside." *Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d at 646 n.8.

U.S. Bank alleges the following facts to support equitably setting aside the sale: (1) the HOA did not provide adequate notice that the deed of trust might be extinguished and gave no opportunity to cure; (2) the HOA conducted the sale in a commercially unreasonable manner resulting in a low price; (3) the HOA treated costs of collecting as part of the HOA lien; and (4) Chapter 116 violates the due process and takings clauses. ECF No. 1 at 4-7.

As to the first and fourth allegations, the Supreme Court of Nevada has already ruled that the foreclosure notices need not identify the superpriority amount and, as discussed previously, there is no due process or takings violation. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc). As to the second allegation, the commercial reasonableness standard does not apply to HOA foreclosure sales, and an HOA need not take "extra-statutory efforts to garner the highest possible sales price." *Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d at 642, 646.

As to the final allegation, the superpriority portion of the HOA's lien for assessments does not include collection fees and foreclosure costs. *Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66, 72 (Nev. 2016) (en banc). However, U.S. Bank has not plausibly alleged how the inclusion of these costs in the overall lien amount was so unfair that it would justify setting aside the sale or how it brought about the allegedly low price. *See Golden v. Tomiyasu*, 387 P.2d 989, 989 (Nev. 1963) (holding that to equitably set aside the sale, there must be "proof of some element of fraud, unfairness or oppression as accounts for and brings about the inadequacy of price"); *S. Capital Pres., LLC v. GSAA Home Equity Tr. 2006–5*, No. 72461, 414 P.3d 808, 2018 WL 1447727, at *1 (Nev. 2018) (unpublished) (stating that inclusion of improperly incurred fees does not support setting aside a sale unless it is shown "how inclusion of those fees either misled

respondent or otherwise brought about the low sales price"). If anything, identifying a higher amount of the HOA lien would have increased the price at the HOA foreclosure sale.

U.S. Bank has not plausibly alleged a basis to equitably set aside the sale. I therefore grant Saticoy's motion to dismiss count two of the complaint.

**C. Amendment**

It is possible that U.S. Bank may be able to allege facts supporting a basis to equitably set aside the sale. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)). I therefore grant leave for U.S. Bank to amend.

**II. CONCLUSION**

IT IS THEREFORE ORDERED that the caption shall be amended to reflect the name of the defendant as Saticoy Bay LLC Series 7610 Demona.

IT IS FURTHER ORDERED that defendant Saticoy Bay LLC Series 7610 Demona's motion to dismiss **(ECF No. 22) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff U.S. Bank National Association shall file an amended complaint on or before June 28, 2019.

DATED this 10th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE